UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| APICA SELLERS REPRESENTATIVE, LLC<br><br>　　Plaintiff,<br><br>v.<br><br><br>ABBOTT LABORATORIES<br><br>　　Defendant. | Case No. 1:23-cv-01034-ALC-OTW<br><br>**STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER** |

　　WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

　　ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. "Party" shall mean each of the named parties to this action, as well as TriVentures Fund II LP and Seroba Life Sciences Limited.

2. Counsel for any Party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the Party in information that is proprietary, a trade secret or otherwise sensitive non-public information or discloses information protected by a right to privacy under foreign, federal, or state law, or any other applicable privilege or right related to confidentiality or privacy, including without limitation, under the General Data Protection Regulation ("GDRP") of the European Union. Furthermore, the parties acknowledge and agree they may need to meet and confer to negotiate additional protections prior to the disclosure of any information protected under the GDRP or such similar laws or regulations. Information and documents designated by a Party as confidential will be stamped "CONFIDENTIAL." Additionally, highly sensitive, proprietary, trade secret or otherwise highly sensitive information that the designating party believes, in good faith, would pose a significant risk of competitive disadvantage if disclosed to the other party or its representatives may be stamped "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." "Highly Confidential – Attorneys' Eyes Only" information may include without limitation: trade secrets; technical information; technical practices, methods, or other know-how; pending but unpublished patent applications; Board materials; pricing data; financial data; sales information; customer-confidential information; customer lists; agreements or relationships with third parties; market projections or forecasts; strategic business plans; selling or marketing strategies; new product development; testing; manufacturing costs; or information regarding employees. "Confidential" and "Highly Confidential – Attorneys'

1

Eyes Only" documents and information are collectively referred to herein as "Confidential Information."

3. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with this action and for no other purpose. Such Confidential Information may be disclosed only to the categories of persons and under the conditions described in this Order.

4. Documents and information designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. Any person who previously had access to the document or information, as established by the face or content of the document itself, by testimony, or by other reliable indicia of access;

   b. Current (or former) employees of the receiving Party whose participation in the prosecution or defense of this action is deemed necessary by counsel;

   c. Counsel for the Parties in the litigation, including outside counsel of record and in-house counsel for a Party, and employees of such outside counsel of record in the litigation;

   d. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

   e. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. Documents and information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be disclosed to any person, except:

   a. Any person who previously had access to the document or information, as established by the face or content of the document itself, by testimony, or by other reliable indicia of access;

   b. Outside counsel of record for the Parties, and employees of such outside counsel of record assigned to and necessary to assist in the litigation;

   c. No more than two designated in-house counsel of the Parties (1) who have litigation-focused roles and no involvement in patent prosecution or competitive business decision-making, (2) to whom disclosure is reasonably necessary for this litigation, and (3) whose names have been disclosed to the other Party;

   d. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel, provided that the identity of such consultants or experts (including their current c.v.) is disclosed to the other Party(ies) in the litigation at least five (5) business days before provision of any such documents or information to such consultant or expert, and such other Party(ies) does not object in writing within that five-day period; and

      e. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

6. Absent written consent from the Party disclosing Confidential Information, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall not be involved in the prosecution of patents or patent applications related to any ventricular assist device and related tools, including without limitation related to the technology and patents implicated in this action and any patent or application claiming priority to or otherwise related to the technology and patents implicated in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination, inter partes reexamination, inter partes review, post-grant proceedings, European infringement court proceedings, or European Patent Office opposition proceedings). This Prosecution Bar shall begin when access to information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to and after entry of this order is received by the affected individual and shall end one (1) year after final termination of this action.

7. In the event a Party challenges another Party's designation of confidentiality, or objects to the provision of Confidential Information to a proposed designated in-house counsel, consultant, or expert, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging Party may seek resolution by the Court. The burden of proof shall be on the Party making the designation, and on the party objecting to the disclosure, as the case may be. Frivolous challenges and those made for an improper purpose (e.g. to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging Party to sanctions. Nothing in this Protective Order constitutes an admission by any Party that Confidential Information disclosed in this case is relevant or admissible. Each Party reserves the right to object to the use or admissibility of the Confidential Information.

8. Before disclosing or displaying the Confidential Information to any person, counsel must:

      a. Inform the person of the confidential nature of the information or documents;

      b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

      c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

9. The disclosure of a document or information without designating it as "Confidential" "or

Highly Confidential – Attorneys' Eyes Only" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so subsequently designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

10. For testimony given in deposition or in other pretrial or trial proceedings, the designating Party shall identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 14 days after receipt of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 14 days shall be covered by the provisions of this Order. Alternatively, a Designating Party may specify, at the deposition or up to 14 days after receipt of the transcript if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

11. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving Party in a manner that is secure and confidential. Alternatively, PII may be redacted by the producing party, so long as the redaction is labeled or otherwise identified as PII. It is also understood and agreed among the parties that, to the extent any ESI or other discoverable documents or information in this action is subject to the regulation or protection of the European Union's General Data Protection Regulation ("GDRP"), any preservation, access, review, and/or production of such ESI or documents or information shall be done in compliance with the GDRP.

12. Pursuant to Federal Rule of Civil Procedure 502(d), the disclosure of privileged information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege in this matter or any other federal or state proceeding; provided, however, that the parties agree that nothing in this Order is intended to modify the applicable law concerning the scope and application of the selective disclosure waiver doctrine. Upon notice or discovery that privileged information has been produced, the receiving party shall promptly destroy or return the privileged discovery material (and all paper and electronic copies) to the producing party or third party. The receiving party shall delete the privileged discovery material from any systems used to house the documents, including document review databases, e-rooms, and any other location that stores the documents. Within seven days of the aforementioned deletion or return of privileged discovery material, the producing party or third party shall provide the receiving party with a privilege log regarding the privileged discovery material. The receiving party may move the Court for an order compelling production of the privileged discovery material, which shall be filed under seal, and the motion shall not assert as a ground for entering such an order the fact or circumstances of the production. The receiving party may make no use of the privileged discovery material during any aspect of this matter

or any other matter, including in depositions or at trial, unless the documents are later designated by a court as not privileged or protected. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d), and other applicable laws and regulations.

13. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

    a. promptly notify in writing the designating Party. Such notification shall include a copy of the subpoena or court order;

    b. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

    c. cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose Confidential Information may be affected.

14. Notwithstanding the designation of information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in discovery, there is no presumption that such information shall be filed with the Court under seal. The Parties shall follow the Court's procedures with respect to filing under seal.

15. The provisions of this Order are equally applicable to non-parties from whom discovery is sought or compelled in this litigation.

16. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed. Notwithstanding this provision, the Parties' counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, including Confidential Information residing on email servers, even if such materials contain Confidential Information, but only so long as those email servers are subject to the organization's ordinary course document destruction and retention policies. Any such archival copies that contain or constitute Confidential Information remain subject to this Order.

**SO STIPULATED AND AGREED.**

Dated: October 26, 2023

**BARNES & THORNBURG LLP**

*/s/ Julia R. Livingston*

Julia R. Livingston
390 Madison Avenue 12th Floor
New York, NY 10017-2509
(646) 746-2025
JLivingston@btlaw.com

David A. Kelly**
Joshua M. Kalb**
Jeffrey C. Morgan**
Anna Whitacre**
3340 Peachtree Road N.E., Suite 2900
Atlanta, GA 30326
(404) 264-4092
David.Kelly@btlaw.com
Josh.Kalb@btlaw.com
Anna.Whitacre@btlaw.com

** *Pro hac vice*

*Attorneys for Plaintiff Apica Sellers Representative, LLC*

Dated: October 26, 2023

**WINSTON & STRAWN LLP**

*/s/ Jonathan D. Brightbill*

Krishnan Padmanabhan
200 Park Avenue
New York, New York 10166
(212) 294-6700
kpadmanabhan@winston.com

Jonathan D. Brightbill**
1901 L Street NW
Washington, DC 20036
(202) 282-5000
jbrightbill@winston.com

Michael A. Skokna**
Saranya Raghavan**
35 W. Wacker Drive
Chicago, Illinois 60601
(312) 558-5600
mskokna@winston.com
sraghavan@winston.com

** *Pro hac vice*

*Attorneys for Defendant Abbott Laboratories*

**SO ORDERED**.

_____
**Ona T. Wang**
United States Magistrate Judge

Dated:   New York, New York
         October 30, 2023

6