UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

APICA SELLERS REPRESENTATIVE, LLC,     :

                       :

            Plaintiff,       :       23-CV-01034-MMG-OTW

            -against-      :       **<u>OPINION & ORDER</u>**

                       :

ABBOTT LABORATORIES,           :

                       :

            Defendant.     :

                       :

---------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

## I.     INTRODUCTION

Plaintiff Apica Sellers Representative, LLC, ("Plaintiff") filed a Cross Motion for Joinder on August 22, 2025, seeking to join Seroba Kernel Life Sciences Fund II Limited Partnership ("Seroba") and TriVentures Fund II LP ("TriVentures") as additional plaintiffs. (ECF 143). For the reasons set forth below, Plaintiff's Motion is **GRANTED**, and Plaintiff is directed to file an Amended Complaint by **December 19, 2025**.

## II.     FACTUAL BACKGROUND

Plaintiff brought this action alleging Defendant Abbott Laboratories ("Defendant") failed to pay at least $40 million dollars of overdue milestone payments under an Equity Purchase Agreement ("EPA"). (ECF 45, ¶ 1). The EPA was between the parties' predecessors, Apica Cardiovascular Limited ("ACL") and Thoratec Switzerland GmbH ("Thoratec"). *Id.* On July 2, 2014, and through the EPA, Thoratec acquired ACL and its subsidiaries. (ECF 45, ¶ 8). In January

1

of 2017, Abbott acquired Thoratec's parent company, St. Jude, and thus also acquired Thoratec, ACL, and its subsidiaries. (ECF 45, ¶24). Section 11.02 of the EPA requires a "Sellers' Representative" to represents the interests of ACL's shareholders in post-closing disputes related to the EPA. (ECF 45, ¶ 9). The EPA named Seroba as the Sellers' Representative. *Id.* On December 5, 2022, Seroba resigned as Sellers' Representative and appointed Plaintiff as the replacement Sellers' Representative. *Id.* The sole members of Plaintiff are Seroba and TriVentures. *Id.* Plaintiff is authorized to pursue claims related to the EPA on behalf of the former ACL shareholders pursuant to section 11.02(2)(iv) of the EPA. *Id.*

### III.    PROCEDURAL HISTORY

This case was referred to me for general pretrial management on June 26, 2023, (ECF 35), and an initial case management conference took place on August 16, 2023. (ECF 36). Plaintiff's Second Amended Complaint was filed on August 25, 2023, to fix the caption and references to Plaintiff from "Apica Representatives, LLC" to "Apica Sellers Representative, LLC.". (ECF 45). Defendant filed its answer to the Second Amended Complaint on September 25, 2023. (ECF 46).

On October 26, 2023, Judge Carter dismissed Plaintiff's unjust enrichment and quantum meruit claims without prejudice because there was no dispute over the validity or enforceability of the EPA. (ECF 55; ECF 47 at 3). As of the parties' June 27, 2025 status letter, the parties had completed discovery and Defendant was seeking leave to file a motion for summary judgment. (ECF 112).

On August 1, 2025, Defendant filed a motion for summary judgment on lack of Article III standing, alleging that since Plaintiff is not a party to the EPA, it cannot recover any of the milestone payments or benefit financially from recovery. (ECF 130 at 9). In its opposition, submitted on August 22, 2025, Plaintiff argued it became a party to the EPA when it was formally substituted as the "Sellers' Representative" and thus has the right to serve as enforcer of the Sellers' rights. (ECF 138 at 11). Plaintiff then asserted it suffered an injury in fact because Defendant did not send proper documentation under the EPA to Plaintiff. (ECF 138 at 17-20). On September 3, 2025, Defendant filed its Reply to Plaintiff's Opposition to Summary Judgment. (ECF 147).

In addition, Plaintiff also filed a cross-motion for joinder on August 22, 2025, seeking to join Seroba and TriVentures, whose claims also stem from the EPA, in order to cure any standing deficiencies. (ECF 144 at 3). Additionally, Seroba and TriVentures were involved in discovery, so Defendant would not be prejudiced. (ECF 144 at 3). Defendant filed its Opposition to Joinder on September 5, 2025, and argued the August 2023 deadline to file an amended pleading should block Plaintiff from joining additional parties. (ECF 150 at 6). Defendant also alleges Plaintiff cannot meet the requirements of joinder because Plaintiff lacks standing, and late stage joinder would cause prejudice and delay. (ECF 150 at 7-8). Lastly, Plaintiff filed its Reply to Defendant's Opposition to Joinder on September 12, 2025. (ECF 151). Here, Plaintiff stated Defendant had already agreed to treat Seroba and TriVentures as a part of Plaintiff for purposes of this litigation. (ECF 151 at 13). Plaintiff also rejected Defendant's bad-faith argument because Plaintiff attempted to compromise with Defendant regarding the alleged

standing deficiencies without motion practice, and Defendant rejected Plaintiff's attempts. (ECF 151 at 10).

## IV.    DISCUSSION

### a.    Construing Motion for Joinder as Motion for Leave to Amend

Rule 21 allows a party to be added in an action "at any time, on just terms." Additionally, "[i]n deciding whether to permit joinder, courts apply the 'same standard of liberality afforded to motions to amend pleadings under Rule 15.'" *Bridgeport Music, Inc. v. Universal Music Group, Inc.*, 248 F.R.D. 408, 412 (S.D.N.Y. Feb. 15, 2008) (quoting *Soler v. G & U, Inc.*, 86 F.R.D. 524, 528 (S.D.N.Y. 1980)). Plaintiff stated it was not seeking to amend its pleadings, but instead only seeking joinder of parties. (ECF 151, at 4), but this is in effect a motion to amend the pleadings. In order for joinder to be affected, an amended pleading would need to be filed. *See Williams v. Rosenblatt Securities Inc.*, 14-CV-4390 (JGK), 2016 WL 590232, at *6 (S.D.N.Y. Feb. 11, 2016) (construing motion to join claims and parties to claims as a motion to file an amended complaint).

### b.    Leave to Amend under Rule 15(a)

A party is permitted to "amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Second Circuit has recognized Rule 15 as a "permissive standard" that "is consistent with [the] strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011) (internal quotation marks and citation omitted). "If the [proposed] amendment seeks to add a party, Rule 21 of the Federal Rules of Civil Procedure, which allows addition of a party 'at any time, on

just terms,' also comes into play." *Soroof Trading Dev. Co., Ltd. v. GE Microgen, Inc.*, 283 F.R.D. 142, 147 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 21). Under Rule 15, it is within the trial court's discretion to grant or deny leave to amend under Rule 15(a)(2). See *Zenith Radio Corp. v. Hazeltine Rsch, Inc.*, 401 U.S. 321, 330 (1971). A court may deny leave to amend for "good reason," which normally involves an analysis of the following four factors: undue delay, bad faith, futility of amendment, or undue prejudice to the opposing party. See *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Rule 16(b) requires the Court to enter a scheduling order that "limit[s] the time to join other parties, [and] amend the pleadings." Fed. R. Civ. P. 16(b)(3)(A). Rule 16(b) further states that the schedule "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4); *see also* Fed. R. Civ. P. 16(b)(1), (3)(A). The purpose of Rule 16(b) is "to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-40 (2d Cir. 2000) (internal citations and quotation marks omitted). The movant must demonstrate diligence to satisfy the good cause standard. *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) ("Where a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except under a showing of good cause.'"). In other words, the party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met. *See Rent-A-Center Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. 2003); *Parker*, 204 F.3d at 340. "In deciding whether there is

5

'good cause' to amend under Rule 16(b), a trial court may consider not only the diligence of the moving party but also the prejudice to the opposing party." *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 175 (S.D.N.Y. Dec. 8, 2014) (quoting *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229 (2d Cir. 2007)).

### c. Plaintiff has shown good cause

Rule 16's good cause standard applies here because at the August 16, 2023 initial case management conference, I set the amended pleadings deadline for August 25, 2023. (*See* docket).

### i. Plaintiff has exercised diligence in seeking amendment.

Plaintiff acted diligently in seeking an amendment. "A party is not considered to have acted diligently where the proposed amendment is based on information the party knew, or should have known, in advance of the motion deadline." *Christians of Cal., Inc. v. Clive Christian N.Y., LLP*, 13-CV-0275(KBF)(JCF), 2014 WL 3605526, at *4 (S.D.N.Y. July 18, 2014) (quoting *Guity v. Uniondale Union Free Sch. Dist.*, 2014 WL 795576, at *2 (E.D.N.Y. Feb. 27, 2014)). The burden of showing diligence rests on the moving party. *See Parker*, 204 F.3d at 340.

While its undisputed that Plaintiff missed the deadline to amend its complaint, Plaintiff attempted to resolve Defendant's objections regarding standing without motion practice and Defendant refused. (ECF 150; ECF 151-2 at 2-3). In discovery, Plaintiff and Defendant had treated Seroba and TriVentures as parties; for example, the parties agreed discoverable information would be deemed to be in Plaintiff's possession, custody, or control, and Defendant was able to take depositions of Seroba and TriVentures' principals. (ECF 32, ¶ 6; ECF

58, ¶ 1; ECF 143 at 3). Plaintiff exercised diligence because Defendant did not take issue with its standing until significantly after the deadline had passed and Plaintiff took action within a reasonable timeframe of gaining the requisite information by filing its motion twenty-one days after Defendant's motion for summary judgment was filled. (ECF 143) *Cf. Rowe Plastic Surgery of New Jersey, L.L.C. v. Aetna Life Insurance Company*, 23-CV-6206(SHS)(OTW), 2025 WL 2218097, at *1 (upholding denial of leave to amend because plaintiff was on notice of alleged deficiencies in pleadings for at least a year).

### ii.  Permitting amendment would not prejudice Defendant

Undue prejudice is not present in this case. Prejudice can be found if the amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Pasternack v. Shrader*, 863 F.3d 162, 164 (2d Cir. 2017). Additionally, "the need for new discovery is not sufficient to constitute undue prejudice on its own." *Duling v. Gristede's Operating Cop.*, 265 F.R.D. 91, 100-101 (S.D.N.Y. 2010). A court is "most hesitant to allow amendment where doing so unfairly surprises the non-movant and impedes the fair prosecution of the claim." *Mohan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000). Lastly, "[a]ny inefficiency created by adding the additional parties is outweighed by other concerns, particularly the interests of judicial economy." *Covet & Mane, LLC v. Invisible Bead Extensions*, LLC, 21-CV-7740 (JPC) (RWL), 2023 WL 2919554, at *4 (Mar. 23, 2023).

Defendant will not be prejudiced by the addition of Seroba and TriVentures. As discussed previously, Defendant has already deposed corporate managers for Seroba and TriVentures, and has never raised any discovery disputes or complained of access to evidence or witnesses in any of the monthly discovery status reports over the course of two years. (ECF 143 at 3; ECF 151 at 14-15). And, Defendant has not articulated any additional burdens or additional discovery that it will need because there are no amendments to any claims. *See Michalek v. Amplify Sports & Ent. LLC*, 11-CV-508, 2012 WL 2357414, at *5 (S.D.N.Y. June 20, 2012) (granting leave to amend even after discovery closed because the proposed amendment was based on the same set of operative facts as the original complaint); *see also Bridgeport Music, Inc. v. Universal Music Group, Inc.*, 248 F.R.D. 408, 415 (S.D.N.Y. 2008) (finding lack of prejudice because additional discovery would not be extensive due to new claims having "virtually identical" facts to initial claims). It is unlikely granting Plaintiff's motion to amend will unduly prejudice Defendant.

The interest of judicial economy also favors granting Plaintiff leave to amend. Plaintiff's claims will not change with the addition of Seroba and TriVentures, and amending the complaint will allow for the parties to obtain adjudication on the merits. *See In re Google Digital Advertising Antitrust Litig.*, 21-md-3010 (PKC), 2025 WL 2733347, at *4 (S.D.N.Y. Sept. 25, 2025) (granting leave to amend for "good cause" because "allowing the amendment furthers the command that [Rule 16] 'should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.'") (quoting Fed. R. Civ. P. 1).

Upon weighing the factors, I find Plaintiff has shown good cause for leave to amend.

**V.      Conclusion**

For the reasons discussed above, Plaintiff's motion to amend its complaint is **GRANTED**.

Plaintiff shall file an amended complaint by **December 19, 2025.**

Respectfully submitted,

_s/  Ona T. Wang_

Dated: November 25, 2025                          **Ona T. Wang**
      New York, New York                        United States Magistrate Judge